UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BRANDON MCALISTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:09CV118 SNLJ |
| | ) | |
| SCOTTSDALE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (#6), filed September 10, 2009. Defendant filed a memorandum in opposition (#7) on September 18, 2009, but Plaintiff has not filed a reply. This matter is now ripe for disposition.

This cause of action was originally filed on June 17, 2009, in the Circuit Court of Scott County, and plaintiff received a default judgment against Schindler's Tavern, Inc., in the amount of $450,000. Plaintiff subsequently brought this garnishment action in the Circuit Court of Scott County against defendant Scottsdale Insurance Company, the insurer for Schindler's Tavern. The Summons to Garnishee and Application and Order of Garnishment were served upon defendant Scottsdale on August 5, 2009. Defendant removed to this court on August 21, 2009.

Plaintiff and Schindler's Tavern, Inc., are both residents of Missouri, while Scottsdale Insurance Company is a resident of Arizona. Plaintiff moves this Court, pursuant to 28 U.S.C.A. § 1447(c) and 28 U.S.C.A. §1332(c)(1), to remand this cause of action back to the Circuit Court of Scott County, contending that there is not complete diversity between the parties. Plaintiff bases this assertion on the language of 28 U.S.C.A. §1332(c)(1), which states: "In any direct action against the insurer of a policy or contract liability insurance, whether incorporated or

unincorporated, to which action the insured is not joined as a party defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen." Under this statute, the parties here agree that if this case is a direct action, then defendant would be considered a Missouri citizen, diversity would be destroyed, and the case must be remanded to state court.

The issue, however, is whether the matter at hand is actually a direct action. Plaintiff characterizes the garnishment action as a statutory garnishment action brought under §379.200, RSMo 2000, but plaintiff and defendant disagree about whether an action brought under §379.200 is a "direct action" as that term is used in §1332(c)(1). As the Supreme Court of Missouri has held: "There are two avenues for a judgment creditor to collect money from an insurance company: (1) a traditional garnishment under section 525.240 and Rule 90 or (2) a direct action against the insurer authorized by section 379.200." *Johnston v. Sweany*, 68 S.W.3d 398, 403 (Mo.banc 2002). The Eighth Circuit, drawing on earlier Missouri precedent, has also addressed this dichotomy: "[S]ection 379.200 is the exclusive *direct* action remedy a judgment creditor may bring against an insurer. An ordinary garnishment proceeding is not a direct action, but rather is ancillary to the underlying tort action." *Lancaster v. American and Foreign Ins. Co.*, 272 F.3d 1059, 1064 (8th Cir. 2001).

Defendant argues that even if §379.200 is a direct action, plaintiff has not properly brought a garnishment action under §379.200 at all. Defendant points out that the Summons to Garnishee and Application and Order of Garnishment cited only Rule 90 and Chapter 525 of the Missouri Revised Statutes, the traditional garnishment action. Moreover, defendant correctly asserts that nowhere is there any reference to a §379.200 garnishment within the aforementioned forms. Specifically, the garnishment notice from the sheriff's office repeatedly refers to Chapter 525 of the Missouri Revised Statutes, and in the bottom right-hand corner of each subsequent

form, there is a string of citations to various subsections of Rule 90 and Chapter 525. These forms, attached as *plaintiff's* exhibit 3, are plain on their face that the garnishment was filed under Rule 90 and Chapter 525 rather than under §379.200. Consequently, the present action is a traditional garnishment action, ancillary to the underlying case against Schindler's Tavern, rather than a direct action against defendant Scottsdale. Accordingly, §1332(c)(1) does not apply to defeat diversity jurisdiction.

Plaintiff also argues, in the alternative, that this Court should remand the case back to state court under the "Colorado River Abstention Doctrine" because there is parallel litigation already pending in the state court. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). As the Supreme Court mentions in that case, however, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Id*. at 813. Suffice it to say that plaintiff points to no grounds that would justify an exception to the general rule that a federal court should adjudicate a controversy that is otherwise properly before it.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (#6) is DENIED.

Dated this ___28th___ day of October, 2009.

_____
UNITED STATES DISTRICT JUDGE