# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| BRANDON MCALISTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:09CV118 SNLJ |
| ) | |
| SCOTTSDALE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

This is an insurance coverage dispute arising out of an assault and battery at the insured's tavern. The parties have filed cross motions for summary judgment on the sole matter at issue in this case: whether the insurer has a duty to pay the judgment that plaintiff obtained against the insured tavern. Defendant/Counter-plaintiff Scottsdale Insurance Company ("Scottsdale") filed its motion for summary judgment (#19) and supporting memorandum (#20) on June 17, 2010. Plaintiff Brandon McAlister also filed his motion for summary judgment (#21) and supporting memorandum (#21-1) on June 17, 2010. Scottsdale and McAlister have filed response briefs (#22, #23) and reply briefs (#24, #25). Cross-defendant Schindler's Tavern, Inc. has not appeared, answered the Cross Claim, or filed any brief. This matter is now ripe for disposition.

**I.    Case Summary**

The underlying facts are not disputed. On December 23, 2007, plaintiff Brandon McAlister was at Schindler's Tavern in Scott County, Missouri, when a fight broke out. McAlister went outside to the parking lot, where he was stabbed in the abdomen by an unknown person. McAlister sued Schindler's Tavern in the Circuit Court for Scott County, Missouri for the injuries he sustained. Schindler's Tavern reported the claim to its insurance company,

defendant Scottsdale Insurance Company. However, Scottsdale declined to defend Schindler's Tavern against McAlister's claim based on its insurance policy's assault and battery exclusion.

The assault and battery exclusion states as follows:

ASSAULT AND/OR BATTERY EXCLUSION

This insurance does not apply to "Injury," "Bodily Injury," "Property Damage" or "Personal and Advertising Injury" ("Personal Injury" or "Advertising Injury") arising from:

1. Assault and/or Battery committed by any insured, any employee of any insured, or any other person;

2. The failure to suppress or prevent Assault and/or Battery by any person in 1. above;

3. The negligent:

    a. Employment;

    b. Investigation;

    c. Supervision;

    d. Reporting to the proper authorities, or failure to so report; or

    e. Retention

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraphs 1 or 2 above; or

4. The selling, serving or furnishing of alcoholic beverages.

The matter was set for trial on Wednesday, June 24, 2009, but Schindler's Tavern did not present a defense. The Circuit Court issued a judgment against Schindler's Tavern in the amount of $450,000.

McAlister commenced a garnishment action against Scottsdale in state court on August 5, 2009, which Scottsdale removed to this Court on August 21, 2009, based on diversity

jurisdiction. On September 18, 2009, Scottsdale filed its Counterclaim against plaintiff and Cross Claim against Schindler's Tavern for a Declaratory Judgment that Scottsdale does not owe and duty to provide coverage or indemnify Schindler's Tavern, and that Scottsdale is not liable to pay plaintiff any portion of the Judgment plaintiff obtained against Schindler's Tavern (#8). Plaintiff's motion to remand was denied on October 28, 2009 (#12). Although Schindler's Tavern was served with the Cross Claim, it has not appeared, answered the Cross Claim, or filed any brief.

## II. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 59(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467, 82 S. Ct. 486, 7 L.Ed.2d 458 (1962). "Because the interpretation and construction of insurance policies is a matter of law, the issue of whether the duty to defend or indemnify exists under a policy is particularly amenable to summary judgment." *Newyear v. Church Ins. Co.*, 155 F.3d 1041, 1043 (8th Cir. 1998).

## III. Discussion

The case turns on whether the insured's Policy's Assault and Battery Exclusion excludes coverage of the plaintiff's claims. The insurer bears the burden of establishing that an exclusion to coverage applies. *Auto. Club Inter-Ins. Exch. v. Medrano*, 83 S.W.3d 632, 638 (Mo. Ct. App. 2002). "To determine coverage issues, Missouri law provides that courts should compare the allegations in the underlying complaint to the language of the insurance policy." *Id.* The contractual language shall be afforded its plain and ordinary meaning. *Kearns v. Interlex Ins.*

*Co.*, 231 S.W.3d 325, 330 (Mo. Ct. App. 2007) (citing *Shahan v. Shahan*, 988 S.W.2d 529, 535 (Mo. 1999)).

Here, the insured's Policy contains an "Assault and Battery Exclusion" that expressly excludes claims for injuries "arising from:

> 1. Assault and/or Battery committed by any insured, any employee of any insured, or any other person;
>
> 2. The failure to suppress or prevent Assault and/or Battery by any person in 1. above;
>
> 3. The negligent:
>
>> a. Employment;
>>
>> b. Investigation;
>>
>> c. Supervision;
>>
>> d. Reporting to the proper authorities, or failure to so report; or
>>
>> e. Retention
>
> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraphs 1 or 2 above.
>
> ..."

Plaintiff's Judgment states that the court found that Schindler's Tavern "was careless and negligent in its failure to prevent the attack on Plaintiff in that . . . Defendant failed to properly hire or train its employees to detect the presence of persons likely to commit violent crimes." (*See* #20-1, Judgment at 1, #20-1, Petition at ¶16.) Plaintiff argues that summary judgment in his favor is appropriate because that claim – negligent failure to train employees – is not covered by

the Policy's Assault and Battery Exclusion, so Scottsdale should be responsible for paying the $450,000 judgment against its insured, Schindler's Tavern.[1]

Defendant requests summary judgment on its claim for declaratory judgment that it had no duty to defend its insured, and that it now has no duty to indemnify its insured, arguing that the Policy claim for negligent failure to train employees is unambiguously excluded by the Policy's Assault and Battery Exclusion.[2] The Court agrees and will grant defendant's motion and deny plaintiff's motion.

A. **The Assault And Battery Exclusion**

Before the Court can determine whether the Assault and Battery Exclusion applies to the facts and circumstances of the plaintiff's underlying action, it must first determine whether the Exclusion is a part of Schindler's Tavern's insurance policy with Scottsdale. Plaintiff makes three arguments in support of his contention that the Exclusion is not part of the Policy: (1) the endorsement containing the Exclusion has a blank signature line; (2) the declarations page of the Policy does not mention any endorsements to the Policy; and (3) the introduction to the

---

[1]The "negligent failure to train" claim appears in Count II of plaintiff's state court Petition. Neither plaintiff nor defendant address Count I of plaintiff's Petition, which claims that the tavern negligently failed to notify immediately law enforcement of the altercation occurring at the bar. Because it is clear that Count I is subsumed by Count II, and because it is similarly excluded from coverage by the Exclusion, the Court will treat both counts as a single cause of action.

[2]Plaintiff asserts in his briefs that while defendant's counterclaim refers to other parts of the Policy, Count I (the only count, which is for a declaratory judgment) relies only on the defense that Scottsdale has no duty to provide coverage "due to the Assault and/or Battery Exclusion." Plaintiff argues that therefore Scottsdale has abandoned any other basis for denying coverage. Plaintiff does not identify any other basis on which Scottsdale has denied coverage, however, nor has plaintiff stated what arguments Scottsdale has foregone as a result of its pleadings. Because the Court's decision is based on the Assault and Battery Exclusion, it need not address this matter further.

Commercial Liability Coverage Part of the Policy states that "Various provisions in this policy restrict coverage. Read the entire policy carefully..." without mentioning any endorsements.

Plaintiff fails to acknowledge that Page 2 of the Policy, titled "Schedule of Forms and Declarations," specifically lists the endorsement containing the Assault and Battery Exclusion. Further, although the endorsement page itself is unsigned, it bears both the Policy number and the same effective date as the Policy. The plaintiff does not contend that the Endorsement was not attached to the Policy. Moreover, the declarations page – in contrast to the plaintiff's assertion – does in fact mention endorsements, in all caps at the bottom of the page: "This common policy declaration and the supplemental declaration(s), together with the common policy conditions, coverage part(s), coverage form(s) and forms and <u>endorsements</u>, if any, complete the above numbered policy." (Emphasis added, all caps formatting removed) There can be no doubt that the Policy, by its express terms on both the declaration page and in the Schedule of Forms and Declarations, encompasses the endorsements, including the Assault and Battery Exclusion. *See Empire Fire & Marine Ins. Co. v. Brake*, 472 S.W.2d 18, 23 (Mo. Ct. App. 1971) (holding that when endorsements "are attached to the policy at the time of its issuance with authority of the company and in accordance with the agreement of the parties, they are part of the contract of insurance whether signed or unsigned").

### B. Application Of The Assault & Battery Provision

This Court's review of Missouri cases addressing assault and battery exclusions shows that such exclusions typically take one of three forms. The exclusions may –

(1) simply exclude claims arising out of assault and battery. *See, e.g.*, *Capitol Indemnity Corp. v. Callis*, 963 S.W.2d 247 (Mo. Ct. App. 1997).

(2) additionally exclude claims arising out of the failure to prevent or suppress an assault and battery. *See, e.g.*, *Acceptance Ins. Co. v. Winning Concepts of Westport, Inc.*, 842 S.W.2d 206, 208 (Mo. Ct. App. 1992).

(3) include language encompassing (1) and (2) above, and also explicitly exclude claims for particular acts of negligence that result in assault and battery. *See, e.g.*, *Penn-America Insurance Company v. The Bar. Inc.*, 201 S.W.3d 91 (Mo. Ct. App. 2006) (addressing an exclusion that addressed "negligent hiring, training, and/or supervision").

Regardless of whether a particular assault and battery exclusion has only the simple exclusionary language or a combination of two or all three, Missouri courts hold that any action for injuries arising out of an assault and battery falls within the exclusionary language and is not covered by the policy.[3] *See Green v. Penn-America Ins. Co.*, 242 S.W.3d 374, 382-83 (Mo. Ct. App. 2007); *Trainwreck West, Inc. v. Burlington Ins. Co.*, 235 S.W.3d 33, 44-45 (Mo. Ct. App. 2007); *Penn-America Insurance Company v. The Bar. Inc.*, 201 S.W.3d 91 (Mo. Ct. App. 2006); *Hunt v. Capitol Indemnity Corporation*, 26 S.W.3d 341 (Mo. Ct. App. 2000); *Capitol Indemnity Corp. v. Callis*, 963 S.W.2d 247 (Mo. Ct. App. 1997); and *Acceptance Ins. Co. v. Winning Concepts of Westport, Inc.*, 842 S.W.2d 206, 208 (Mo. Ct. App. 1992).

Comparing the allegations in plaintiff's complaint with the Policy language, it is clear that plaintiff's claim falls within the Policy's Assault and Battery Exclusion. The Policy's Assault and Battery Exclusion contains all three of the typical exclusion provisions discussed

---

[3]Plaintiff suggests that there is a split of authority between divisions of the Missouri Court of Appeal, citing to *Capitol Indemnity Corp. v. Haverfield*, 218 F.3d 872, 875 (8th Cir. 2000). However, any conflict between the Eastern and Western Divisions was resolved in *Hunt*, 26 S.W.3d at 345, which held that the insured's negligence was not a separate and non-excluded cause apart from the assault and battery, and therefore the exclusion applied to bar coverage for the negligence claims.

above, as it covers injuries that "arise from" any of the following: an assault, a battery, the failure to prevent assault or battery, and the negligent employment, investigation, supervision, reporting, or retention of an employee who commits an assault or battery or who fails to prevent one. There can be no question that plaintiff's injuries from the stab wound he incurred outside Schindler's Tavern "arise from" an assault and battery. Plaintiff does not argue otherwise. Instead, plaintiff argues that the Exclusion does not apply to his negligence claim because negligence is treated as an independent source of liability by the Exclusion. Plaintiff asks the Court to apply the maxim of *expressio unius est exlusio alterius* and hold that the express mention of the specified negligent acts – negligent employment, investigation, supervision, reporting, or retention of an employee – means that any other negligent acts are not excluded from coverage.

In support, plaintiff cites to *Dynamic Computer Solutions, Inc. v. Midwest Marketing Insurance Agency, L.L.C.*, 91 S.W.3d 708 (Mo. Ct. App. 2002), a case that analyzes a Missouri Rule of Civil Procedure by applying the "canon of construction that the express mention of one thing implies the exclusion of another." *Id*. at 714. That case is inapposite here because such rules of construction are employed only when the court finds ambiguity. *Id.* at 713. No ambiguity exists in the Policy Exclusion at hand.

As already stated, looking to the Exclusion's first paragraph, plaintiff's injuries "arise from" an assault and battery. Missouri courts have been clear on this issue, even where the insurance policy does not explicitly exclude claims of negligence resulting in assault and battery. In *Capitol Indemnity Corp. v. Callis*, 963 S.W.2d 247 (Mo. Ct. App. 1997), the plaintiff was assaulted at a bar and claimed that the bar's negligence had resulted in his injuries. The bar's insurance policy had an assault and battery exclusion similar to the exclusion here, but the exclusion did not specifically exclude negligent acts relating to the assault and battery. *Id.* at

8

249. The court held, "[t]he exclusionary language specifically states that it does not apply to bodily injury arising out of an assault and or battery. This would include negligence actions alleging a failure to protect a patron, which arise out of this intentional act."*Id.* at 250.

Plaintiff's allegation – that Schindler's Tavern "was careless and negligent in its failure to prevent the attack on Plaintiff in that . . . Defendant failed to properly hire or train its employees to detect the presence of persons likely to commit violent crimes" – is also directly applicable to the Exclusion's second paragraph, which excludes from coverage claims for "failure to suppress or prevent Assault and/or Battery". *See Acceptance Ins. Co. v. Winning Concepts of Westport, Inc.*, 842 S.W.2d 206, 208 (Mo. Ct. App. 1992) (holding that "[n]egligently hiring persons...which...results in an individual being assaulted and battered is an act or omission in connection with the prevention or suppression of assault and battery and therefore is excluded under the terms of the policy.")

There is thus no ambiguity as to whether or not plaintiff's allegations are excluded by the explicit terms of the Policy. The Court does not even need to look to the Exclusion's third paragraph for guidance because it is redundant: Negligence claims are already barred by the Exclusion's first two paragraphs, and the Exclusion's third paragraph seems to be merely an effort to be overly cautious and, ironically, to avoid litigation like this.

Even if the Exclusion's third paragraph – the explicit negligence provision – does create an ambiguity regarding whether "negligent training" is covered by the exclusion, the claim is still excluded. Plaintiff argues that, notwithstanding Paragraphs 1 and 2, his claim based on Schindler's Tavern's "negligent training" avoids exclusion because it is not specifically excluded from Paragraph 3, and, he argues, "the express mention of one thing implies the exclusion of another." *Dynamic Computer Solutions, Inc.*, 91 S.W.3d at 714. Paragraph 3 excludes claims of

9

negligence for employment, investigation, supervision, reporting, and retention of employees. The plain and ordinary meaning of that paragraph encompasses "training" of employees, which is an element of supervision.

While neither party cited any case addressing this particular issue, this Court has located several cases on point where an insured or a party standing in the shoes of an insured sought coverage for negligence claims related to an assault and battery. In *Graves v. CMC, Inc.*, 882 A.2d 761, 2005 WL 2149394, *2 (Del. Aug. 16, 2005) (Table), the insured sought coverage for a claim for "negligent failure to train" an employee. The insured's policy excluded coverage for "asserting the alleged failure of the insured ... in the hiring, supervision, retention or control of" an employee. The Delaware Supreme Court held that "[t]raining of an employee is one specific element of the 'supervision' and 'control' of an employee. Therefore, [plaintiff's] claim for negligent training fits squarely and unambiguously within the exclusion." *Id.*

Indeed, the Scottsdale Policy itself has been litigated in other courts to the same effect: even claims for negligence not specifically enumerated by Paragraph 3 of the Exclusion are excluded from coverage. *See Carter v. Adams*, 877 N.E.2d 1015, 1019 (Ohio Ct. App. 2007) (coverage under Scottsdale's insurance policy was barred for claim that insured had "negligently...hired, trained, or supervised its security personnel" "because the excluded act of assault and battery was the immediate cause of the injuries that gave rise to the allegations of negligence"); *Levelle v. Scottsdale Ins. Co.*, 539 F. Supp. 2d 373, 377 (D.D.C. 2008) (claims that insured breached duty by "inadequately staffing and supervising security personnel" "fall squarely within the policy's exclusion" for assault and battery). Other policy exclusions using similar language have also been held to encompass negligence claims not explicitly enumerated by the assault and battery exclusion. *See Monticello Ins. Co. v. Hale*, 284 F. Supp. 2d 898, 907

(S.D. Ohio 2003) (myriad negligence claims including failure to provide proper training and supervision for employees were based on insured's alleged failure to "prevent and assault and battery" and were therefore excluded from coverage); *Essex Ins. Co. v. The Fieldhouse, Inc.*, 506 N.W.2d 722 (Iowa 1993) (various negligence claims including claims for failure to maintain safe premises and negligent use of glass beer pitchers "fall squarely within the Assault and Battery Exclusion").

Because "negligent training" is clearly subsumed by the Policy's enumerated negligence exclusions, and because the entire claim – which by its very terms relates to the insured's "failure to prevent" the assault – arises from an assault and battery or the prevention thereof, the plaintiff's claim is excluded from coverage under the Policy. Scottsdale therefore had no duty to defend or indemnify its insured for the plaintiff's claim, and it is not liable to pay plaintiff any portion of the underlying Judgment.

**C. Public Policy Does Not Prohibit The Assault And Battery Exclusion**

Finally, the Court must address the plaintiff's argument that the Assault and Battery Exclusion is prohibited because, he argues, Missouri does not allow insurance polices to give coverage in one place and then take it away in another. Plaintiff does not cite to any case that finds such a prohibition of assault and battery exclusions. The case plaintiff does offer, *Lutsky v. Blue Cross Hosp. Service, Inc., of Missouri*, 695 S.W.2d 870, 875 (Mo. 1985) (en banc), discusses conflicting clauses in an insurance contract, which is not an issue with the Policy here. In fact, Missouri courts "have routinely upheld 'assault or battery' exclusions in cases involving actions to prevent or control the behavior or conduct of bar patrons and no established statutory restriction or public policy mandate prohibits such exclusions." *Trainwreck West, Inc.*, 235 S.W.3d at 43.

Accordingly, defendant's Motion for Summary Judgment shall be granted, and plaintiff's Motion for Summary Judgment shall be denied.

Dated this  27th  day of September, 2010.

_____
UNITED STATES DISTRICT JUDGE