```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION
```

| | |
|---|---|
| BRANDON MCALISTER,      ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| vs.          ) | Case No. 1:09CV118 SNLJ |
| ) | |
| SCOTTSDALE INSURANCE COMPANY,  ) | |
| ) | |
| Defendant.    ) | |

## MEMORANDUM AND ORDER

This is an insurance coverage dispute arising out of an assault and battery at the insured's tavern. The Court granted summary judgment to defendant Scottsdale Insurance Company ("Scottsdale") on September 27, 2010 (#26, #27), holding that Scottsdale had no duty to defend or indemnify its insured for the plaintiff's claim, and that Scottsdale is not liable to pay plaintiff any portion of the underlying Judgment. Plaintiff filed a motion to amend or alter judgment on October 21, 2010 (#28). Defendant has not responded. The Court has reviewed plaintiff's motion and finds it to be without merit. Plaintiff's arguments consist of a rehashing of his earlier arguments and a continued attempt to circumvent the clear language of Scottsdale's policy. The policy clearly and unambiguously excludes coverage for plaintiff's injuries, and the plaintiff's motion will be denied.

Two of plaintiff's arguments will be discussed here nevertheless: First, plaintiff attempts to argue that the endorsement entitled "Limitation of Coverage to Designated Premises or Project" somehow provides coverage for "bodily injury" without regard to any exclusion found elsewhere in the policy. However, it is utterly clear that the endorsement simply defines the covered premises — the tavern. It is simple to read that endorsement with the entirety of the

policy. Moreover, nothing about the endorsement excluding assault and battery claims for "bodily injury" conflicts with the endorsement concerning the definition of the premises. There is no ambiguity.

Second, the plaintiff states that the Court wrongly relied on an unpublished opinion to support its holding that a claim for negligent training is subsumed by the policy's exclusion for negligent supervision. Plaintiff cites to an Eighth Circuit case about Section 1983 claims for negligent training and supervision of prison employees to support his contention that training and supervision are separate and distinct claims, and he also cites to the dictionary. However, it is apparent that plaintiff's creative pleading cannot circumvent the plain language and intention of the policy exclusion. Plaintiff's claim by its very terms relates to the insured's "failure to prevent" the assault, and plaintiff cannot use clever pleading to avoid the fact that his claim arises from an assault and battery or the prevention thereof. The exclusion applies, so Scottsdale has no duty to defend or indemnify. This is precisely the kind of case that Scottsdale contractually excluded from its insurance obligation.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Brandon McAlister's Motion to Alter or Amend Judgment, filed October 21, 2010 (#28), is DENIED.

Dated this __23rd__ day of November, 2010.

_____
UNITED STATES DISTRICT JUDGE